**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Angel RUIZ–ROSAS, Defendant–Appellant.**

**No. 05–40133.**
**Conference Calendar.**

United States Court of Appeals, Fifth Circuit.

Decided Feb. 23, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

Angel Ruiz–Rosas pleaded guilty to a one-count indictment charging him with being found in the United States following deportation. The district court sentenced Ruiz–Rosas to 57 months in prison and a two-year term of supervised release. Ruiz–Rosas's plea agreement explicitly waived his "right to have facts that the law makes essential to the punishment" charged in the indictment or proved be-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

yond a reasonable doubt and granted his consent to be sentenced pursuant to the Guidelines. We need not decide the applicability of the waiver in this case because the issues that Ruiz–Rosas raises are either foreclosed or lack arguable merit.

Ruiz–Rosas argues for the first time on appeal that his sentence was imposed illegally in light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). This court's review is for plain error. *See United States v. Valenzuela–Quevedo*, 407 F.3d 728, 732–33 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 267, 163 L.Ed.2d 240 (2005); *United States v. Mares*, 402 F.3d 511, 520 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 43, 163 L.Ed.2d 76 (2005).

After *Booker*, "[i]t is clear that application of the Guidelines in their mandatory form constitutes error that is plain." *Valenzuela–Quevedo*, 407 F.3d at 733. To satisfy the plain error test in light of *Booker*, Ruiz–Rosas must demonstrate that his substantial rights were affected by the error. *United States v. Infante*, 404 F.3d 376, 395 (5th Cir.2005). There is nothing in the record indicating that the district court would have imposed a different sentence under an advisory sentencing guidelines scheme. *United States v. Bringier*, 405 F.3d 310, 317 n. 4 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 264, 163 L.Ed.2d 238 (2005). Ruiz–Rosas argues that application of the plain error standard is contrary to the plain error standard enunciated in *United States v. Dominguez Benitez*, 542 U.S. 74, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004). Ruiz–Rosas's challenge to the showing required under *Mares* and *Bringier* is unavailing as one panel may not overrule the decision of a prior panel absent en banc reconsideration or a superseding contrary decision of the Supreme Court. *See United States v. Eastland*, 989 F.2d 760, 768 n. 16 (5th Cir.1993). Accordingly, there is no basis for concluding that the district court would have imposed a lower sentence under an advisory sentencing regime. ·*See Mares*, 402 F.3d at 522.

Ruiz–Rosas's constitutional challenge to 8 U.S.C. § 1326(b) is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Ruiz–Rosas contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Ruiz–Rosas properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.